UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ADAM CHRISTOPHER HORTY,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Case: 2:23-cv-00414-RCT<br><br>Criminal Case: 2:18-cr-00293-RCT<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE & RELATED MOTIONS** |

## I. INTRODUCTION

Pending before the Court is Petitioner Adam Christopher Horty's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. 1, Case No. 2:23-cv-00414-RCT.) Also before the Court is Horty's Motion for Discovery and Motion for Appointment of Counsel. (Dkt. 5, Case No. 2:23-cv-00414-RCT.)

The Government has filed its Response. (Dkt. 9, Case No. 2:23-cv-00414-RCT.) After the deadline passed for Horty to timely file a reply, Horty filed a request for an extension of time to file a reply, (Dkt. 10, Case No. 2:23-cv-00414-RCT), which the Court granted out of consideration for Horty's circumstances. (Dkt. 10,

Case No. 2:23-cv-00414-RCT.)  That deadline has passed without Horty filing a reply.  Having fully reviewed the briefing and the record in this action, the Court, which presided over the criminal trial that led to his conviction, DENIES the motions.

## II. BACKGROUND

In July 2018, North Idaho Violent Crimes Task Force officers suspected that Adam Christopher Horty was engaging in methamphetamine distribution from a residence in Post Falls, Idaho.  (Dkt. 151 at 153, Trial Transcript ("Transcript"), Case No. 2:18-cr-00293-RCT.)  Over the course of three separate controlled purchases of drugs surveilled by police and contemporaneously recorded, Horty sold a confidential informant ("CI") around 21 grams of actual methamphetamine. (Transcript at 619–20.)

On August 14, 2018, officers searched Horty's residence pursuant to a search warrant.  (Transcript at 233–36.)  Officers arrived at the Post Falls house to execute the warrant but waited to conduct the search until Horty left it to avoid any confrontation with him once their presence became known to anyone remaining inside.  (Id.)  From a locked safe in Horty's identified bedroom, officers recovered additional Ziploc bags containing mixture methamphetamine.  (Transcript at 257–65.)  From the same room, officers recovered a number of firearms and ammunition,

leading to the defendant's arrest for unlawful possession of a firearm.  (Transcript at 244–54.)

      After Horty left the home, a traffic stop was initiated on the vehicle he was operating.  (Transcript at 235–36.)  Meanwhile, the firearms were discovered during the ongoing search.  Searching officers radioed that discovery to the officers with Horty, who placed him under arrest at the scene of the stop.  The officers then inventoried his vehicle which they impounded pursuant to agency policy.  (Transcript at 398–408.)  The inventory located over 200 grams of actual methamphetamine, digital scales, and $1,678 in United States currency in Horty's bag in the car.  (Transcript at 154–55, 271.)

      Horty was charged with three counts of Distribution of Methamphetamine, one count of Possession with Intent to Distribute Methamphetamine, and one count of Unlawful Possession of a Firearm.  (Dkt. 93, Second Superseding Indictment, Case No. 2:18-cr-00293-RCT.)  At the conclusion of a three-day jury trial, Defendant was found guilty of all charges.  (Dkt. 116, Jury Verdict, Case No. 2:18-cr-00293-RCT.)  That was his third drug trafficking conviction.  (Dkt. 150 at 23–24, Sentencing Hearing Transcript, Case No. 2:18-cr-00293-RCT.)  This Court imposed a below-Guidelines sentence of 137 months for counts one through four and 120 months on count five, all to be served concurrently.  (Dkt. 137 at 2, Case No. 2:18-cr-00293-RCT.)  Horty remains incarcerated in the Federal Bureau of Prisons.  (Dkt.

1, Case No. 2:23-cv-00414-RCT.)   His scheduled release date, prior to any adjustments for Good Conduct Time under the First Step Act, is January 14, 2030. (Dkt. 137, Case No. 2:18-cr-00293-RCT.)

Horty filed a direct appeal challenging the admissibility of the evidence gathered during the search of the vehicle he was driving, the quashing of two defense witness subpoenas based on their invocation of the Fifth Amendment privilege, his ultimate conviction, and the application of a two-level sentencing enhancement for obstruction of justice based on his perjured trial testimony. *United States v. Horty*, No. 20-30214, 2022 WL 4244511 (9th Cir. Sept. 15, 2022).   The Ninth Circuit affirmed the conviction. *Id*.

On September 15, 2023, Horty timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1, Case No. 2:23-cv-00414-RCT), which is now ripe for decision.

### III. LEGAL STANDARD

#### A. 28 U.S.C. § 2255 Motions

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose

such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). A court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

Defendants are generally barred from raising arguments in a § 2255 proceeding that they raised and which were rejected on direct appeal. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as the basis for a subsequent § 2255 petition."); *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a

prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal."); *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."). A defendant can overcome a procedural bar when there is an intervening change in law. *See Davis v. United States*, 417 U.S. 333, 342 (1974). Furthermore, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**B. Ineffective Assistance of Counsel**

A defendant is entitled to effective assistance of counsel at all "critical stages" of criminal proceedings, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a § 2255 movant must meet the widely known two-part test: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish deficient performance, the movant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. To

establish prejudice, the movant must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, a movant must make a showing sufficient to undermine a court's confidence in the outcome. *Id.*

A claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

## IV. DISCUSSION

Horty raised four potential grounds for relief in his § 2255 motion: (1) that this Court erred in excusing witnesses based on their invocation of the Fifth Amendment privilege; (2) that this Court erred in applying an enhancement for obstruction of justice "without making specific factual findings and offering specific reasons"; (3) that his appellate attorney provided ineffective assistance of counsel for (a) failing to challenge the district court's ruling that the trial could proceed without the presence of the CI; and (b) failing to challenge the chain of custody underlying multiple government exhibits; and, finally, (4) that his conviction under 18 U.S.C. § 922(g)(1) should be vacated in light of *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

Horty's challenges fail for three reasons.  First, Horty cannot relitigate issues on a § 2255 motion that were raised and considered on direct appeal, nor raise issues that he could have raised on direct appeal for the first time on collateral review without showing cause for his default in not raising them earlier.  Second, *Bruen* does not render unconstitutional Horty's sentence for being a convicted felon in possession of a firearm as prohibited by 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Third, Horty failed to persuasively allege ineffective assistance of appellate counsel.

### A. Horty Cannot Relitigate Issues Raised and Considered on Direct Appeal, Nor Raise Issues That He Could Have Raised on Direct Appeal for The First Time on Collateral Review Without Showing Cause.

Horty cannot relitigate here the issues raised in grounds (1) and (2) as listed above as these issues were raised and considered on direct appeal.  *See United States v. Horty*, No. 20-30214, 2022 WL 4244511 (9th Cir. Sept. 15, 2022) (holding that the district court "did not err in concluding that the witnesses could 'legitimately refuse to answer essentially all relevant questions'" and the district court "did not err, let alone plainly err, in imposing the obstruction of justice enhancement"); *see also Wiley*, 245 F.3d at 752.

To the extent that Horty challenges the District Court's imposition of the sentencing enhancement for obstruction of justice on the new grounds—not raised on direct appeal—that the District Court's finding that Horty committed perjury

violated his right to trial by jury, Horty has procedurally defaulted the argument and failed to show cause why this default should be excused.  Horty alleges that there were "case law developments" implicating the sentencing enhancement for obstruction of justice, however, the cases he cites preceded the Ninth Circuit's ruling in Horty's initial appeal.[1]  (Dkt. 1, Case No. 2:23-cv-00414-RCT (citing *United States v. Callazo*, 984 F.3d 1308, 1321–22 (9th Cir. 2021); *Alleyne v. United States*, 570 U.S. 99 (2013); *Blakely v. Washington*, 542 U.S. 296 (2004)).)  As such, Horty cannot seek relief on these grounds.

### B.  *Bruen* Did Not Hold That Bans on Felons Possessing Firearms Is Unconstitutional; This Court Is Bound by Ninth Circuit Precedent.

As for Horty's claim that his sentence for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) was unconstitutional under *Bruen*, raised in ground (4) listed above, *Bruen* did not hold that bans on felons possessing firearms is unconstitutional and,

---

[1] In his Petition, Horty characterizes this particular argument as the "*Alleyne* issue."  (Dkt. 1, Case No. 2:23-cv-00414-RCT.)  But *Alleyne* was available well before Horty's direct appeal ripened.  Setting aside the fact that the Ninth Circuit's decision in *Callazo* represents no change in the law that would impact Horty's argument beyond the rule of *Alleyne*, to the extent that *Callazo* was decided around the time Horty was preparing his direct appeal, this Court notes that *Callazo*, too, was available to Horty to rely upon.  *Callazo* was published in January 2021.  984 F.3d 1308 (9th Cir. 2021).  Horty's opening brief was submitted to the court on October 4, 2021.  *United States v. Horty*, No. 20-30214, 2022 WL 4244511 (9th Cir. Sept. 15, 2022) (Dkt. 21, No. 20-30214).

furthermore, this Court is bound by decisive Ninth Circuit precedent.  *See Id*. at 32–33 (holding that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home, or stated differently, that the Supreme Court's holdings in *D.C. v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010), were not limited to the home).

   *Bruen* and controlling precedent do not hold that banning felons from possessing firearms is unconstitutional.  *Bruen* clarified the framework for analyzing Second Amendment claims, but trenchantly observed that it protects the rights of an "ordinary, law-abiding citizen" to bear arms.  *Bruen*, 597 U.S. at 8–9.  That observation provides no justification to claim a similar right attending non-law-abiding citizens like Horty convicted of felonies.

   In *United States v. Vongxay*, the Ninth Circuit held that *D.C. v. Heller*, 554 U.S. 570 (2008), did not render § 922(g)(1) unconstitutional.  594 F.3d 1111, 1115 (9th Cir. 2010).  Whether *Bruen* modifies *Heller* beyond how this Court construes it here, such that bans on felons possessing firearms are rendered unconstitutional, is a question properly answered by the Ninth Circuit in due course.  *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citation omitted) ("So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so.").  Until then, district courts are obligated to apply well-

settled circuit precedent, the weight of which strongly favors the conclusion that

Horty's *Bruen* challenge is meritless.[2]

### C. Horty Failed to Persuasively Allege Ineffective Assistance of Appellate Counsel.

Finally, Horty's claim that his appellate attorney provided ineffective

assistance of counsel by (a) failing to challenge the district court's ruling that the

trial could proceed without the presence of the CI; and (b) failing to challenge the

chain of custody underlying multiple government exhibits, raised in ground (3) listed

above, lacks merit under *Strickland*'s deficient performance prong.

### 1. Deficient Performance

To establish deficient performance, Horty is required to show that counsel's

performance "fell below an objective standard of reasonableness," *Strickland*, 466

U.S. at 688, which requires him to demonstrate that counsel acted unreasonably in

failing to discover or brief meritorious issues. *See Moorman v. Ryan*, 628 F.3d 1102,

1106 (9th Cir. 2019). The *Strickland* standard is "highly demanding" and Horty

---

[2] *See United States v. Gamble*, No. 2:22-CR-00267-JAD-EJY, 2023 WL 6460665, at *5 (D. Nev. Oct. 4, 2023) (concluding that *Vongxay*, which upheld the law criminalizing firearm possession by individuals with felony convictions as constitutional, is not inconsistent with *Bruen* and remains controlling law, as the Ninth Circuit in *Vongxay* performed a historical tradition analysis and concluded that history supports gun-possession limits on felons); *United States v. Hunt*, No. 3:18-CR-00475-IM-1, 2023 WL 6439410, at *2 (D. Or. Oct. 3, 2023) ("This Court finds that *Bruen* is not irreconcilable with pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1).").

must establish that his attorney's performance amounted to "gross incompetence." *Kimmelman v. Morrison,* 477 U.S. 365, 382 (1986).   The Supreme Court in *Strickland* observed that "[j]udicial scrutiny of counsel's performance must be highly deferential."  466 U.S. at 689.

On appeal, appellate counsel has no constitutional obligation to raise every nonfrivolous issue, even if requested by the defendant.  *See Jones v. Barnes*, 463 U.S. 745, 751–54 (1983); *Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy."); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.").  It is the attorney's duty "to decide what issues are to be pressed."  463 U.S. at 751.

As evidenced by the affidavit provided by Horty's appellate attorney, Johnathon D. Hallin, Hallin reviewed the issues raised during both the evidentiary hearing and jury trial, and discussed the defense case strategy with Horty's trial attorney, Nick Vieth, on "numerous occasions."  (Dkt. 9, Exhibit 1 ("Hallin Affidavit"), ⁋ 11–13, Case No. 2:23-cv-00414-RCT.)  "This included extensive conversations about potential appealable issues to raise on direct appeal."  *Id.* at ⁋ 11.  Hallin met with and discussed the appeal with Horty by phone and in written communications on multiple occasions since Horty was being moved among

different federal penitentiaries during the COVID epidemic. (Hallin Affidavit, ¶ 14–19.)

Hallin specifically discussed the merits of the case and the viability of the issues Horty sought to raise, which included discussions with Horty about (1) the failure to adequately preserve issues for appeal and the lack of any objection that resulted in no district court ruling that the trial could proceed without the presence of the confidential informant; and (2) his trial counsel's failure to object to the chain of custody underlying the government's exhibits after the Court conducted a pre-trial evidentiary hearing and, based on the facts adduced, denied Horty's motion to exclude the drugs and weapons obtained during the searches of his home and vehicle. (Hallin Affidavit, ¶¶ 22–25.) Appellate counsel provided his client with copies of the trial transcript, gave him adequate time to fully review it, and then made a final determination after conferring with Horty about what issues were sufficiently viable to include in the direct appeal to the Ninth Circuit. *Id.* at ¶¶ 19–22. For these reasons, Hallin determined that these issues were not adequately raised or preserved to challenge on direct appeal. *Id.* at ¶¶ 24–25.

After deciding and advising his client that, in his professional opinion, neither of these issues were adequately raised, preserved, or otherwise viable issues for appeal, Hallin ultimately proceeded with the issues that he believed were most likely to succeed. (Hallin Affidavit, ¶ 22–25.) Accordingly, Horty's counsel did not render

deficient performance for declining to present arguments that were not, in his professional opinion, adequately raised, preserved, or otherwise viable issues for appeal.

*2. Prejudice*

Because this Court rejects Horty's claim of ineffective assistance of appellate counsel for failing to establish deficient performance, this Court sees no need to address the prejudice prong.

## V. MOTION FOR DISCOVERY

The Court denies Horty's Motion for Discovery (Dkt. 5, Case No. 2:23-cv-00414-RCT.) except for the limited discovery previously allowed under the Protective Order entered on January 16, 2024 (Dkt. 6, Case No. 2:23-cv-00414-RCT) because Horty fails to show "good cause."

In a § 2255 proceeding, "[a] judge may, for good cause, authorize a party to conduct discovery." § 2255 R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997) (cleaned up).

Horty outlines five bases upon which he believes the Court should grant him leave to pursue additional discovery. The requests range from a document request directed to a wide swath of governmental and law enforcement agencies to requested

depositions of law enforcement officers and other witnesses he alleges are relevant to the underlying habeas corpus proceeding.  Each of these issues can be adjudicated based on the existing record before the Court in this case and the underlying criminal case transcript.

Horty's requests for discovery relate primarily to his claims that his appellate attorney provided ineffective assistance of counsel by (1) failing to challenge the district court's ruling that the trial could proceed without the presence of the confidential informant, despite express instructions to do so; and (2) failing to challenge the chain of custody underlying multiple government exhibits, despite express instructions to do so.  (Dkt. 1, Case No. 2:23-cv-00414-RCT.)  Although this may be true, such a claim in and of itself does not meet the standard for ineffective assistance of counsel, and furthermore does not create a factual dispute necessitating further discovery.  As discussed above, for Horty to prevail on his claim that his appellate attorney provided ineffective assistance of counsel, he must show that his appellate counsel's performance was objectively unreasonable, meaning that he is required to show that the attorney acted unreasonably in failing to discover and brief meritorious issues.  *Moorman*, 826 F.3d at 1106.  The affidavit provided by Horty's appellate attorney shows that Hallin properly (1) reviewed the issues raised during both the evidentiary hearing and jury trial; (2) discussed the case with Horty's trial attorney; (3) met with and discussed the appeal with Horty by

**MEMORANDUM DECISION AND ORDER - 15**

phone and in written communications on multiple occasions; and (4) specifically discussed the merits of the case and the viability of issues Horty sought to raise. (Hallin Affidavit, ℙ 11–25.)

It is likely that every case in the legal system *could* benefit from discovery when looking back on what took place. However, this is not the standard. Pursuant to § 2255 and its governing rules, the Court does not find good cause exists to allow Horty to engage in discovery, outside of the limited discovery allowed under the Protective Order previously entered in this case.

Because the specific allegations before the court fail to show reason to believe that Horty may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, Horty fails to show good cause for expanding discovery. *Bracy*, 520 U.S. at 908–09. Horty's request to expand discovery further and to convene an evidentiary hearing to support them is therefore DENIED. *Blackledge v. Allison*, 431 U.S. 63, 67 (1977); *Leonti*, 326 F.3d at 1116.

## VI. EVIDENTIARY HEARING

An evidentiary hearing "shall" be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (emphasis added). A hearing is not automatically required on every § 2255 petition. *See Coco v. United States*, 569 F.2d 367, 369 (5th Cir. 1978). Mere conclusory statements by the petitioner do not justify a hearing. *See Wagner*

*v. United States*, 418 F.2d 618, 621 (9th Cir. 1969).  However, the petitioner must only make specific factual allegations which, if true, would entitle him to relief. *United States v. Hearst*, 638 F.2d 1190, 1194–95 (9th Cir. 1980), *cert. denied*, 451 U.S. 938 (1981).  "A hearing must be ordered unless, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal."  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  *See* § 2255 Habeas Rule 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.").

Viewing Horty's motion against the record, the Court's own recollections of the facts developed in the underlying proceedings, and the papers filed in these proceedings, the sum conclusively shows that Horty is entitled to no relief. *Blackledge*, 431 U.S. at 67 (A § 2255 motion may be denied without a hearing if the "court can conclusively decide the issues from the evidence in the record"); *Leonti*, 326 F.3d at 1116.  Even taking all specific factual allegations in Horty's motion as true, he has failed to establish any legal grounds that would entitle him to relief. Only Horty's ineffective assistance of counsel claim is potentially viable, but even taking Horty's allegation as true that his appellate counsel declined to make two different claims on appeal despite Horty's "express instructions" to do so, for the

reasons set forth herein that does not establish that Horty's appellate counsel provided ineffective assistance. There are no additional facts that Horty could uncover or prove through an evidentiary hearing that would bolster or change the outcome of that claim. As such, this Court declines to grant an evidentiary hearing. *See Frazer*, 18 F.3d at 781; *Shah*, 878 F.2d at 1160; *Baumann*, 692 F.2d at 571.

## VII. MOTION FOR APPOINTENT OF COUNSEL

A federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981) (explaining that unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake).

The decision whether to appoint counsel in post-conviction proceedings rests in the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court *may* appoint counsel when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Relevant considerations for the court are the likelihood of success on the merits, the complexities of the issues involved, and the ability of the prisoner to present his claims. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In his motion, Horty articulates three reasons why the Court should appoint counsel: (1) to manage discovery; (2) to "present complex and in some cases novel constitutional arguments"; and (3) to represent him "at an evidentiary hearing." (Dkt. 5, Case No. 2:23-cv-00414-RCT.)   Each of these reasons fail to persuade given, for the reasons set forth herein, the Court's determination that (1) no additional discovery has been shown to be warranted; (2) Horty's constitutional arguments lack merit; and (3) the record and papers filed in this case conclusively show that Horty is entitled to no relief, thus, no evidentiary hearing would aid these proceedings.

All *pro se* parties—whether prisoners or not—would, undoubtedly, benefit from the assistance of counsel.  But the question is not simply whether counsel would be helpful, but whether justice *requires* counsel.  In this case, the Court finds Horty has not met that high burden.

As to Horty's first argument, because the Court is not granting discovery outside of the limited scope of discovery ordered by this Court pursuant to the Protective Order, no counsel is required to "manage" discovery.[3]  The declaration of

---

[3] In Petitioner's Notice Re: Waiver of the Attorney-Client Privilege filed with this Court on November 27, 2023, Horty "affirm[ed] that he will proceed with his claims against Mr. Hallin, with the understanding that he has thereby worked a limited waiver of the attorney-client privilege." (Dkt. 5, Case No. 2:23-cv-00414- RCT.) (Continued)

his appellate lawyer, Hallin, recounts discussions Horty personally had with his appellate lawyer.  Horty does not need the assistance of counsel to understand those facts unearthed in the limited discovery permitted on habeas review.

Second, setting aside Horty's Second Amendment claim, Horty's claims are not overly complex.  The Court is intimately familiar with the facts of Horty's underlying criminal case—having presided over the case from its inception, from the pretrial motion to suppress the incriminating evidence, through trial, and now in post-trial motions—and his arguments now are related to arguments and defenses he raised prior to, and during, trial.  Both the court and the jury found them unpersuasive.  What is more, Horty's *pro se* motion in this case was well-articulated and relatively detailed.  The claims have been adequately pleaded and briefed.  There is no need for the assistance of counsel.

As for Horty's claim that he requires counsel to adequately present his Second Amendment claim—that his sentence for violations of 18 U.S.C. §§ 922(g)(1) and

---

The Court thus granted the Government's Motion for an Order Granting a Waiver of Attorney-Client Privilege, (Dkt. 3, Case No. 2:23-cv-00414-RCT), allowing the Government to conduct the limited discovery of Johnathon D. Hallin.  (Dkt. 9, Exhibit 1 ("Hallin Affidavit"), ¶¶ 11–13, Case No. 2:23-cv-00414-RCT.)  The Court also granted Horty's Request for Protective Order, which granted Horty the limited discovery discussed therein: "The Government shall provide Petitioner with a copy of all documents and information turned over by Mr. Hallin. The Government shall provide Petitioner with a copy of any proposed affidavit from Mr. Hallin before it is filed."  (Dkt. 6, Case No. 2:23-cv-00414-RCT.)

924(a)(2) is unconstitutional under *New York Rifle and Pistol Ass'n v. Bruen*—the Court finds that this claim presents a low likelihood of success on the merits given pre-existing, binding circuit precedent, definitively outweighing any other considerations.  As such, Horty's argument that the *Bruen* claim presents a "novel constitutional argument[]" such that it compels the appointment of counsel in his case, necessarily fails.

Lastly, because this Court determines that an evidentiary hearing is not warranted, Horty is not entitled to the appointment of counsel on that basis pursuant to *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995), and related cases.

## VIII. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA").  By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For the reasons set forth above, the Court concludes that Horty failed to make any showing, let alone a

substantial showing, of the denial of a constitutional right.  Accordingly, the Court will not issue a COA.

If Horty wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id.* ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## IX. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Horty's conviction or sentence, or to conduct an evidentiary hearing on the same.  Thus, the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## X. ORDER

In summation:

1.     Horty's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1, Case No. 2:23-cv-00414-RCT) (Dkt. 155,

Case No. 2:18-cr-00293-RCT) is DENIED.  The Clerk of the Court shall file this Order in both the criminal and civil cases.

2.     Horty's Motion for Discovery and Motion for Appointment of Counsel (Dkt. 5, Case No. 2:23-cv-00414-RCT) are both DENIED as MOOT.

3.     No certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: April 24, 2024

Richard C. Tallman
UNITED STATES CIRCUIT JUDGE